George M. COLES, Jr., as Personal Representative of the Estate of Donald E. Egan, and Emilie C. Egan, Plaintiffs,

v.

William Harold JENKINS, Travel Ventures Ltd. d/b/a Vermont Bicycle Touring, Defendants.

No. Civ.A. 97–0031–C.

United States District Court, W.D. Virginia, Charlottesville Division.

Oct. 8, 1998.

John Randolph Parker, Parker, McElwain & Jacobs, PC, Charlottesville, VA; Richard J. Phelan, James D. Dasso, Dianne L. Hicklen, Foley & Lardner, Chicago, IL, for George M. Coles, Jr. and Emilie Egan.

William Vaughan Riggenbach, Duane & Shannon, Richmond, VA, for William Harold Jenkins.

Glen Michael Robertson, Marshall Allen Winslow, Jr., Payne, Gates, Farthing & Radd, P.C., Norfolk, VA, Rodney E. Gould, Rubin, Hay & Gould, P.C., Framingham, MA, for Travel Ventures, Ltd.

## MEMORANDUM OPINION

MICHAEL, Senior Judge.

Before the court are the April 21, 1998 Objections to the Magistrate Judge's April 9, 1998 Order of defendant Travel Ventures, Ltd. d/b/a Vermont Bicycle Touring and the plaintiffs' April 27, 1998 Response to defendant's objections. For the reasons expressed herein, the court will overrule the defendant's objections and decline to modify or set aside the April 9, 1998 Order of the Magistrate Judge.[1]

### I.

Under Fed.R.Civ.P. 72(a), a party may object to non-dispositive, pretrial orders of a United States Magistrate Judge. (West 1997). As the rule reads, in pertinent part:

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

*Id.*

■ Travel Ventures, Ltd. d/b/a Vermont Bicycle Touring ("VBT") objects to the Magistrate Judge's April 9, 1998 Order denying its motions to exclude plaintiffs' expert witnesses and evidence. In particular, VBT characterizes as clearly erroneous and contrary to law the Magistrate's ruling that

---

1. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this case to the Honorable B. Waugh Crigler, United States Magistrate Judge, to preside over discovery matters. This court's review of the Magistrate Judge's orders on non-dispositive issues is governed by Fed.R.Civ.P. 72(a).

Michael K. Arnette be allowed to serve as plaintiff's expert witness and his ruling that Dr. Gregory Ewert also be allowed to testify. VBT's motion to exclude Arnette and Ewert was premised on the alleged failure of plaintiffs to comply with disclosure requirements of Fed.R.Civ.P. 26(a)(2)(B), the Magistrate Judge's scheduling order in the case, and other orders of the court previously entered.

Rule 26(a)(2)(B) requires that parties' disclosures include a written report for each witness "who is retained or specially employed to provide expert testimony," "prepared and signed by the witness." The report should contain

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored ...; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

This subpart of Rule 26, when read in context, limits the application of this disclosure requirement to *expert* witnesses, or those to be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed.R.Civ.P. 26(a)(2)(B). Furthermore, the language of the Rule leaves enforcement completely to the court's discretion, often prefacing its provisions with the phrase, "except to the extent otherwise stipulated or directed by the court."

This court is unable to see how the Magistrate Judge's exercise of such broad discretion in enforcing the discovery rules can possibly be characterized as clearly erroneous or contrary to law. Defendant VBT cites no *law* in support of its objection to the Magistrate Judge's order, providing only a summary of the *facts* surrounding the decisions made in the order. The Magistrate Judge reviewed the expert report provided by Mr. Arnette, as supplemented, and apparently found it in keeping with the provisions of Rule 26. Mr. Arnette's report discloses his opinions, their basis and reasons, the information considered in forming his opinions, his qualifications, publications, compensation, and previous experience as an expert witness. In approving this disclosure, the Magistrate Judge acted well within his discretion and the provisions of Rule 26. Therefore, his order was not clearly erroneous or contrary to law.

■ Nor can the Magistrate's order as to Dr. Ewert fairly be characterized as clearly erroneous or contrary to law. As to Dr. Ewert, the Magistrate Judge ordered plaintiffs to supplement their discovery responses relating to Dr. Ewert, "forthwith." This court questions the applicability of Rule 26 to Dr. Ewert, whom plaintiffs' counsel propose using as a "Rule 701 witness," or a "lay witness." Tr. at 16.[2] Nonetheless, the Magistrate's order that plaintiffs supplement their disclosure regarding Dr. Ewert—rather than granting the drastic remedy requested by defendant VBT of barring Dr. Ewert's testimony altogether—easily survives review by this court under the relevant standard.

The Magistrate Judge's order settled on an appropriate remedy for any failures to comply with discovery deadlines and rules and court orders. The order penalized plaintiffs for their failure to comply by ordering plaintiffs to pay attorneys' fees. This remedy provides an appropriate incentive to the parties to comply with the court's orders and the provisions governing discovery contained in the Federal Rules. The remedy suggested by defendant VBT of excluding these witnesses altogether would not serve the interests of justice or appropriately fit the plaintiffs' failures to comply.

## II.

Accordingly, the court will ratify the April 9, 1998 Order of the Magistrate Judge deny-

---

2. Dr. Ewert did not treat the Egans for injuries sustained in the bicycle accident that is the subject of this case. Rather, Dr. Ewert was the Egans' family physician who can testify as to their status before the accident. Such testimony appears to the court to be reasonably calculated to show which injuries can be attributed to the accident and which were pre-existing, a showing that may be in the interest of defendant.

ing VBT's March 24, 1998 motion to exclude evidence. Because the Magistrate Judge's Order to this effect was not "clearly erroneous or contrary to law" as contemplated by Rule 72(a), the court will decline to modify or set aside that portion of the Order.

An appropriate Order this day shall issue.

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is this day

### ADJUDGED AND ORDERED

that the court will decline to modify or set aside the April 9, 1998 Order of the Magistrate Judge. The April 21, 1998 Objections of defendant, Travel Ventures, Ltd., d/b/a Vermont Bicycle Touring shall be, and they hereby are, overruled.

The Clerk of the Court hereby is directed to send a certified copy of this Order to all counsel of record.